UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| In re: Case No. A07-00343-DMD<br><br>TERRI Y. BOSWELL,<br><br>    Debtor. | Chapter 13 |
| TERRI Y. BOSWELL,<br><br>    Plaintiff,<br><br>v.<br><br>RESIDENTIAL MORTGAGE, LLC,<br><br>    Defendant. | Adversary No. A09-90013-DMD |

**Filed On 12/8/09**

## MEMORANDUM RE SUMMARY JUDGMENT

Defendant Residential Mortgage, LLC, has filed a motion for summary judgment. For the reasons stated below, I find the motion should be granted, in part, and denied, in part.

Chapter 13 Case Background

Terri Boswell purchased a home in Anchorage on May 30, 2003. Financing for the home was provided by the defendant, Residential Mortage, LLC. There were defects with the home and problems with the financing. Roughly one year later, Boswell applied to Residential for a second loan to refinance the original loan. The second loan closed on June 21, 2004.

Boswell filed a chapter 13 petition on July 5, 2007.[1] Residential submitted a secured claim for $208,387.65, which included an arrearage of $40,416.74. Boswell's chapter 13 plan proposed the cure of this arrearage. She was also to continue making her regular monthly mortgage payments. However, under the plan Boswell reserved the right to contest the amount and validity of her debt to Residential Mortgage.[2] Boswell's amended chapter 13 plan was confirmed on February 19, 2008.

Post-confirmation, Boswell defaulted on her regular monthly mortgage payments to Residential. Residential moved for relief from stay on November 5, 2008.[3] An order terminating the stay was entered on December 2, 2008.[4] Boswell moved for reconsideration, contending she hadn't received notice of Residential's motion.[5] After a hearing, the court indicated it would grant reconsideration provided Boswell made certain payments to Residential.[6] Reconsideration was ultimately denied, however, because Boswell failed to make the required payments.[7] Due to the fact that Residential had received relief

---

[1] *In re Boswell*, Main Case No. A07-00343-DMD, Docket No. 1.

[2] *Id.,* Docket No. 22, filed Nov. 15, 2007, at 3.

[3] *Id.*, Docket No. 38.

[4] *Id.,* Docket No. 42.

[5] *Boswell*, Docket No. 43.

[6] *Id.*, Docket No. 47.

[7] *Id.*, Docket No. 54.

2

from stay, the trustee objected to its secured proof of claim on April 7, 2009.[8] Residential didn't respond to the trustee's objection and its secured claim was disallowed May 12, 2009.[9]

Two Adversary Proceedings

Boswell initiated two adversary proceedings against Residential Mortgage. The first was filed prior to confirmation of her chapter 13 plan, on November 20, 2007.[10] In addition to Residential Mortgage, this first adversary complaint named Ralph Gross, d/b/a RL&G Remodel, as a defendant. Gross had performed some repair work on Boswell's Anchorage residence (Residential's collateral), in June of 2006. He had been selected for the job by Residential. Boswell initially seemed pleased with Gross's work, but discharged him from the job before he had completed it. Boswell's adversary complaint prayed that Residential's claim be reduced by $16,200.00, the amount charged by Gross for his repairs. The complaint sought an additional deduction of $19,710.00 from Residential's claim for charges incurred by Boswell to fix Gross's allegedly deficient repairs.

On January 30, 2008, Boswell filed an amended complaint.[11] Its sole allegation was that this court had jurisdiction under 28 U.S.C. § 154(b)(2)(B) and (C). A second

---

[8] *Id.*, Docket No. 56.

[9] *Boswell*, Docket No. 64.

[10] *Boswell v. Residential Mortgage, LLC*, Adv. No. A07-90052-DMD.

[11] *Id.*, Docket No. 8.

3

amended complaint was filed March 21, 2008.[12] It alleges that Gross negligently performed repairs to Boswell's home and that she was required to incur additional expenses to fix his work. The second amended complaint seeks damages of $25,000.00, apparently from Gross. It contains no jurisdictional allegations. As of this date, Gross has not been properly served with the summons and complaint, nor has he voluntarily entered an appearance. This case has been consolidated for trial with Boswell's second adversary proceeding.

Boswell's second adversary complaint (the instant case) was filed on April 30, 2009, and named Residential alone as a defendant. This complaint is a rambling narrative of Boswell's dealings with Residential Mortgage. It starts by alleging that Residential "failed to disclose material information pertinent to Plaintiff's credit decision, which extended Plaintiff's rescission right from three days to three years under the Code."[13] This allegation pertains to the second loan Boswell obtained from Residential. The complaint then alleges that Residential failed to provide Boswell with a thirty year, fixed rate FHA loan as promised. Boswell also alleges that Residential wrongfully took payments for FHA insurance from her. She argues again that Residential hired an unlicensed contractor (Ralph Gross) to work on her home. Boswell also maintains that she has suffered "undue emotional and financial stress and hardship."[14] She alleges that Residential has refused to rescind the

---

[12] *Id.*, Docket No. 11.

[13] Docket No. 1, filed Apr. 30, 2009, at 1.

[14] *Id.* at 5.

4

transaction under the Truth in Lending Act ("TILA"). In her prayer, Boswell asks for an order disallowing Residential's proof of claim, plus an award of attorney's fees and costs.

Residential filed its motion for summary judgment on September 8, 2009. It argues that Boswell's claims have no merit and, even if they did, many of the claims are time barred. Boswell has filed a lengthy opposition to the motion, with an affidavit in support. I have considered the entirety of the record in reaching my decision here.

Analysis

The first issue to be addressed is whether Residential Mortgage provided Boswell with the disclosures which are required under TILA when it extended the 2004 loan. These required disclosures include the loan's annual percentage rate, the finance charge, the amount financed, the total payments, the payment schedule, and section 32 disclosures, if applicable.[15] Boswell signed a disclosure statement on June 21, 2004, which contained all of this information except the section 32 disclosures.[16] No section 32 disclosures were required for this transaction.[17] Further, there is no requirement under TILA that the lender

---

[15] Material Disclosures are defined in n.48 of Regulation Z, 12 CFR § 226.23(a)(3)(2004) (Westlaw).

[16] Aff. of Steve Aldrich in Supp. of Mot. for Summ. J., filed Sept. 8, 2009 (Docket No. 11), Attachment 2.

[17] These disclosures are required by 12 C.F.R. § 226.32 (2004) (Westlaw), but only when one of two conditions are found. First, the section 32 disclosures must be given when "[t]he annual percentage rate at consummation will exceed by more than 8 percentage points for first-lien loans, or by more than 10 percentage points for subordinate-lien loans, the yield on Treasury securities having comparable periods of maturity to the loan maturity as of the fifteenth day of the month immediately preceding the month in which the application for the extension of credit is received by the creditor." 12 C.F.R. § 226.32 (a)(1)(i). Boswell's loan clearly didn't fall under this provision, as because its annual percentage rate was 5.84529%.

5

disclose whether a loan is an FHA insured or a conventional loan. I find that Residential made the proper TILA disclosures for Boswell's June 21, 2004, loan.

TILA gives a borrower the right to rescind a loan. However, here, the applicable time for rescission of Boswell's loan has lapsed. Under 15 U.S.C. § 1635(a), the borrower has an initial three day window to rescind a loan transaction. Boswell didn't rescind within this time frame. On June 21, 2004, Residential gave Boswell the required disclosures along with a notice of her right to rescind by Midnight on June 24, 2004.[18] Boswell did not rescind the loan by this date. She confirmed her acceptance of the loan transaction, in writing, on June 25, 2004.[19]

Boswell claims she has a three year right to rescission. However, this three year period arises only when a lender fails to give the borrower accurate material disclosures.[20] That did not occur here. Boswell received the required disclosures. She cannot claim the extended, three year rescission period.[21]

---

The second condition requiring section 32 disclosures is when "[t]he total points and fees payable by the consumer at or before loan closing will exceed the greater of 8 percent of the total loan amount, or $400." 12 C.F.R. § 226.32(a)(1)(ii). In this loan transaction, Boswell paid no points or fees to Residential. *See* Plaintiff's Answer, filed Oct. 10, 2009 (Docket No. 21), Ex. B. Because neither of the alternative conditions for requiring section 32 disclosures existed for Boswell's loan, Residential did not have to make these additional disclosures.

[18] Aldrich Aff., Attachments 2 and 3.

[19] Aldrich Aff., Attachment 3.

[20] 12 C.F.R. § 226.23(a)(3); 15 U.S.C. § 1635(f).

[21] There are additional problems with Boswell's rescission claim. Since 1974, case law in the Ninth Circuit requires a borrower with such a claim to prove her ability to tender the principal amount of the loan back to the lender prior to trial. *Yamamoto v. Bank of New York*, 329 F.3d 1167, 1171 (9th Cir. 2003), *citing Palmer v. Wilson,* 502 F.2d 860, 862-63 (9th Cir. 1974), and other cases. Boswell has not shown that she

6

While errors in Residential's disclosures could entitle Boswell to sue for damages under TILA, the statute of limitations for such damages is one year from the occurrence of the violation.[22] A TILA violation typically occurs on the date of consummation of the loan transaction, but this limitation period may be suspended, under the doctrine of equitable tolling, "until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action."[23] Boswell's affidavit states that she "began looking through my loan documentation closely"[24] in early 2006. She was "stunned" to find out that she didn't have an FHA loan on May 10, 2007.[25] Assuming that Boswell first discovered a potential claim for nondisclosures on this later date, I concur with Residential: the equitable tolling period for this claim expired on May 10, 2007, and Boswell had one year from this date, or until May 10, 2008, to assert this claim against Residential. Boswell filed this adversary proceeding almost one year after this date, on April 30, 2009. The applicable TILA statute of limitations has expired on her claims for errors in Residential's disclosures.

But what of Boswell's state law claims, if any? I have examined her complaint at great length attempting to decipher exactly what state law claims she is attempting to assert

---

could do this.

[22] 15 U.S.C. § 1640(e).

[23] *King v. California*, 784 F.2d 910, 915 (9th Cir. 1986).

[24] Aff. of Boswell in Supp. of Resp. to Mot. for Summ. J., filed Oct. 9, 2009 (Docket No. 22), at 8, ¶ 55.

[25] Boswell Aff. at 11, ¶ 76.

against Residential Mortgage. It is not an easy task. Reading between the lines, it appears that Boswell is alleging that Residential somehow breached a contract with her to provide an FHA loan at the June 21, 2004, closing. Additionally, she alleges that the actions of Residential were fraudulent relative to this closing. Are her state law claims barred by the statute of limitations?

While Boswell's loan closed on June 21, 2004, she argues that she didn't discover her breach of contract and fraud claims until May 10, 2007. Alaska employs the discovery rule to toll an applicable statute of limitations "until the claimant discovers, or reasonably should have discovered, the existence of all elements essential to the cause of action."[26] The statute of limitations for a breach of contract action is three years.[27] The statute of limitations on a claim for fraud is two years.[28] Using Boswell's alleged discovery date of May 10, 2007, she had until May 10, 2010 to file an action for breach of contract, and May 10, 2009, to bring an action for fraud. Her complaint was filed April 30, 2009, within the allowable period under either extended limitation period. Accordingly, Residential will not be granted summary judgment as to Boswell's state law claims for breach of contract or fraud.

An interlocutory order will be entered granting partial summary judgment to Residential on Boswell's TILA claims. Residential's motion for summary judgment relative

---

[26] *Gudenau & Co., Inc., v. Sweeney Ins., Inc.,* 736 P.2d 763, 766 (Alaska 1987).

[27] A.S. 09.10.053.

[28] A.S. 09.10.070.

to Boswell's state law claims for breach of contract and fraud will be denied. No final judgment will be entered until all claims have been fully adjudicated. Because my order will be an interlocutory order, it is not subject to appeal at this time. Only a final judgment is subject to an appeal as of right.

DATED: December 7, 2009.

BY THE COURT

/s/ Donald MacDonald IV
DONALD MacDONALD IV
United States Bankruptcy Judge


Serve:    T. Boswell, Pro Se Plaintiff
         R. Ullstrom, Esq. (for Deft. Residential Mortgage)
         Cheryl Rapp, Adv. Case Mgr.

12/08/09